IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| LOWELL TODD, *et al.*,  ) | |
|     *Plaintiffs*  ) | |
| ) | |
| vs.  ) | **Civil Action No. 3:15-cv-643-DPJ-FKB** |
| ) | |
| PRIMEX TRANSPORT ) | |
| CORPORATION, *et al.*,  ) | |
|     *Defendants*  ) | |

**REPLY BRIEF SUPPORTING DEFENDANTS' THIRD MOTION IN LIMINE**

    **COME NOW** Defendants Primex Transport Corporation and Jose Osorio-Ramirez, through counsel, pursuant to the Federal Rules of Procedure, and at the direction of the Court, and file this Reply Brief Supporting Defendants' Third Motion in Limine, and would show in support the following:

**INTRODUCTION**

    Defendants moved *in limine* to have the Court exclude any evidence from Plaintiffs regarding and/or pertaining to economic hardships they are allegedly suffering after the subject wreck on March 30, 2015. Defendants' motion is logically predicated on the undeniable fact that both Plaintiffs have already explicitly disclaimed all damages for lost wages and loss of earning capacity. In their response, Plaintiffs argued that allowing evidence of economic hardship goes to the issue of their emotional distress and pain and suffering, all measures of nebulous, non-quantifiable, non-economic damages. At the pretrial conference, the Court requested further briefing and any legal authorities on the issue.

    First, allowing Plaintiffs to put on evidence of alleged economic hardship and purportedly not being able to provide for their family would be highly probative if, but only if,

Plaintiffs were seeking compensatory damages for their inability to work (*i.e.* lost wages or loss of earning capacity). Those damages are quantifiable, economic damages. Since Plaintiffs are by admission not seeking those sorts of damages, any evidence about the economic hardship they are now facing would be irrelevant and should be excluded under F.R.E. 402. Second, assuming any relevance at all, any evidence concerning "suffering" due to *economic circumstances* without having to go through the stringent requirements of putting on proof of quantifiable damages would be more prejudicial than probative and should be excluded under F.R.E. 403. This is merely an effort by Plaintiffs to "backdoor" economic type damages into this matter without any quantifiable proof of same and while simultaneously admitting an inability to prove lost wage claims.

## ARGUMENT

I. **Without a lost wages or loss of earning capacity claim, any evidence of economic hardship Plaintiffs are allegedly suffering is irrelevant.**

Evidence concerning Plaintiffs' alleged inability to provide for their families after the wreck is irrelevant without a claim for the type of damages meant to remedy that concern. The purpose of damages is to compensate an injured party for his loss. *See Palasota* v. *Haggar Clothing Co.*, 499 F.3d 474, 483 (5th Cir. 2007). If a plaintiff has suffered economic hardship as the result of an accident, there are damages available in the form of lost wages, loss of income, and loss of earning capacity. These damages are quantifiable and must be proven with some certainty. *See, e.g.*, *Potts* v. *Mississippi Dep't of Transp.*, 3 So. 3d 810, 813 (Miss. Ct. App. 2009). Plaintiffs have disclaimed all such damages. Defendants have not conducted discovery on defending against these damages, and Plaintiffs have offered absolutely no evidence to substantiate them. Without these damages, any evidence of Plaintiffs' alleged economic hardships should be excluded.

Plaintiffs have claimed that evidence of the economic hardships each has suffered after the accident is relevant to their emotional distress damages. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." F.R.E. 401. If Plaintiffs, or either of them, are having trouble paying their bills after the accident because of their inability to work, the proper remedy would be to seek lost wages or loss of earning capacity. However, they have not done so. Moreover, they have submitted no evidence whatsoever in discovery that would tend to prove up or support these claims. Under Mississippi law, economic damages are defined as:

> "Actual economic damages" means objectively verifiable pecuniary damages arising from medical expenses and medical care, rehabilitation services, custodial care, disabilities, loss of earnings and earning capacity, loss of income, burial costs, loss of use of property, costs of repair or replacement of property, costs of obtaining substitute domestic services, loss of employment, loss of business or employment opportunities, and other objectively verifiable monetary losses.

Miss. Code Ann. § 11-1-60(1)(b). Evidence from Plaintiffs about the alleged economic hardships they suffered after the wreck would be probative if they were seeking the damages to remedy such a claim. However, any emotional distress resulting from an inability to pay bills or earn a living would be properly compensable through economic damages. Plaintiffs did not plead these financial damages, nor have they offered any proof of them. Since their financial affairs were not placed into controversy, Plaintiffs should not be allowed to offer testimony concerning their financial difficulties.

**II.     Allowing Plaintiffs to testify about their economic hardships would be more prejudicial than probative.**

As noted above, economic damages must be proved with reasonable certainty. Plaintiffs have disclaimed seeking any loss of income because those claims would be difficult to prove.

Instead, Plaintiffs claim that they, "intend to testify that a significant contributing factors to their emotional distress, depression, increased stress levels and mental anguish was their inability to continue to be able to provide financially for their families."[1] Plaintiffs should not be allowed to present nebulous claims that they are unable to provide for their family without formally seeking damages for lost income.

Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.  Since there is no claim for lost income, there is no probative value to any testimony about financial difficulties.  However, to the extent that the information is relevant to Plaintiffs' alleged emotional distress, the potential for undue prejudice far outweighs the probative value.  If Plaintiffs are allowed to offer testimony concerning their financial affairs, it would likely garner undue jury sympathy.  Most critically, Defendants have not had the opportunity to conduct discovery on Plaintiffs' finances because there was no claim which would make such discovery relevant.  *See* Fed. R. Civ. P. 26(b)(1).   Plaintiffs have never produced any evidence of how much money they were making before the accident and how much money they are making now.  Allowing Plaintiffs to testify about financial hardships without sufficient proof of those hardships, proof which has never been produced in discovery, would be highly prejudicial to the Defendants.

## **CONCLUSION**

Because Plaintiffs have no competent proof of lost wages, lost income, or loss of earning capacity, they should not be allowed to offer any testimony about any financial hardships incurred after the accident on March 30, 2015.  Plaintiffs could have claimed these damages but

---

[1] [Doc. 94] at ¶ 2.

chose not to. Because Plaintiffs failed to allege that they suffered these financial injuries, the Defendants did not conduct any discovery on these financial issues. Plaintiffs should not be allowed to plead a "backdoor" claim for lost wages to the jury without offering concrete proof of those damages. The Court should grant Defendants' Third Motion *in Limine* and exclude all evidence or other testimony from Plaintiffs, their witnesses, and/or their counsel concerning financial hardship.

**THIS** the 20th day of March, 2017.

Respectfully submitted,

**PRIMEX TRANSPORT CORPORATION and JOSE OSORIO-RAMIREZ**

By: *s/ H. Richard Davis, Jr.*
R. Jarrad Garner (MSB No. 99584)
H. Richard Davis, Jr. (MSB No. 103983)
Adams and Reese, LLP
1018 Highland Colony Parkway, Suite 800
Ridgeland, Mississippi 39157
Telephone: 601-353-3234
Facsimile: 601-355-9708
jarrad.garner@arlaw.com
richard.davis@arlaw.com

## **CERTIFICATE OF SERVICE**

I, H. Richard Davis, Jr., one of the attorneys for the Defendant, do hereby certify that I have, this day, filed the foregoing with the Clerk of Court via the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

**SO CERTIFIED**, this the 20th day of March, 2017.

*s/ H. Richard Davis, Jr.*
H. Richard Davis, Jr.
